

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable Homer Garrison, Jr., Director
Department of Public Safety
Camp Mabry
Austin, Texas

Dear Sir:

Opinion No. O-2198
Re: Whether physician's bill for
attending wounded bank robber
should be paid by Department
of Public Safety.

     Your letter of April 9, requesting an opinion of
this department has been fully considered, which letter con-
tains the following inquiry:

     "In October of last year Howard Tatum, who
robbed a bank at Elanco, was captured and shot
in Austin by Captain George Schauer of the Texas
Highway Patrol. Tatum was placed in a hospital
in Austin and later was moved to the Travis
County jail, where medical attention was con-
tinued.

     "We have received a bill from the physi-
cian who attended him, and I would appreciate
it if you will advise me whether this bill
should be paid by the Department of Public
Safety or by the Commissioners Court of Travis
County, in which county Tatum was charged with
two cases of assault to murder."

     In creating the Department of Public Safety, the
Legislature vested in the department the enforcement of the
laws protecting the public safety and providing for the pre-
vention and detection of crime, and authorized the Commis-
sion to formulate plans and policies for the enforcement of
such criminal laws and of the traffic and safety laws of the
State. The coordination of the work of the law enforcement
officers of the State under the superivision of this depart-
ment does not relieve the counties of any liability or their

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

duty to provide for the safekeeping of prisoners confined in county jails or kept under guard or from payment of all authorized expenses incurred and for which they may by law tand charged.

.e have examined the statutes relating to the Department of Public Safety, Articles 4413 (1), et seq., Vernon's Annotated Civil Statutes, and failed to find any authority given by the Legislature to the Department of Public Safety to pay out of its funds for medical treatment rendered to an individual, any money in payment for services of a physician, where the necessity for such services was occasioned by a member of the Department in the official discharged of his duties. Neither do we find any appropriation made by the Legislature to the Department for such emergencies.

In view of the foregoing, the physician's bill in question, if a proper charge, should be presented to the Commissioners' Court of Travis County, the county wherein the arrest was made and which retained the custody of said wounded prisoner. Whether or not the county is liable in this particular matter, is a question of fact which we do not pass upon in this opinion. Doubtless in this situation, an officer could not bind the county to any extent by authorizing such services to be performed by other than the County Health Officer, without being authorized by the Commissioners' Court, which facts are not shown in your request. See Willacy County vs. Valley Baptist Hospital, 29 S. W. (2d) 456.

You are therefore respectfully advised that the Department of Public Safety has no authority to pay a physician's bill for services rendered to a wounded bank robber, shot and wounded by a Texas Highway Patrolman in the discharge of his duty.

Yours very truly

ATTORNEY GENERAL OF TEXAS

JRK:CO

By
    Wm. J. R. King
    Assistant

APPROVED APR 26, 1940
(s) Gerald C. Mann
ATTORNEY GENERAL OF TEXAS

APPROVED
opinion committee
By  B B
chairman